James O'Daniel BARECKY, Appellant,

v.

The STATE of Texas, Appellee.

No. 63561.

Court of Criminal Appeals of Texas, Panel No. 1.

Oct. 20, 1982.

Russell M. Stanley, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., and Calvin A. Hartmann and Ned Morris, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before TOM G. DAVIS, McCORMICK and TEAGUE, JJ.

## OPINION

TOM G. DAVIS, Judge.

Appeal is taken from a conviction for aggravated rape. After finding appellant guilty, the jury assessed punishment at twelve years.

In his first ground of error appellant complains that the State introduced evidence of a juvenile conviction for burglary during the punishment phase of the trial, and that such constituted fundamental error.

The State replies, citing *Love v. State,* 533 S.W.2d 6 (Tex.Cr.App.), that the evidence complained of was in the form of a "have you heard" question asked of a reputation witness and was thus proper.

It is improper to impeach an accused or a witness by proof of a prior juvenile record. *Ruth v. State,* 522 S.W.2d 517 (Tex. Cr.App.). Nevertheless, this Court has held that in cross-examination of a character witness it is not improper to inquire about acts when appellant was a juvenile. *Love v. State,* supra; *Lee v. State,* 470 S.W.2d 664 (Tex.Cr.App.); *Hart v. State,* 447 S.W.2d 944 (Tex.Cr.App.).

Appellant's wife testified at the punishment hearing that appellant had a good reputation in the community for being a peaceful and law-abiding citizen. On cross-examination the prosecutor asked the following question:

"Q. You know your husband a long time ago was handled as a juvenile for burglary, do you know that?

"A. Yes, sir."

The proffered question was clearly not a proper "have you heard" question, because it asserted the matter inquired of as a fact. *Sisson v. State,* 561 S.W.2d 197 (Tex.Cr. App.); *Moffett v. State,* 555 S.W.2d 437 (Tex.Cr.App.); *Pitcock v. State,* 168 Tex. Cr.R. 204, 324 S.W.2d 855.

Appellant, however, did not object to the prosecutor's question. In fact, appellant's counsel asked the next witness, appellant's brother, virtually the same question on direct examination. Nothing is presented for review. *Beal v. State,* 520 S.W.2d 907 (Tex.Cr.App.).

In his second ground of error, appellant asserts that the judgment is fatally defective because the trial court entered upon the judgment a finding that, "the said defendant committed the said offense with a deadly weapon, to-wit, a knife . . ." which finding was erroneous and without authority. We disagree with the specific arguments advanced by appellant in support of the proposition that the trial court lacked authority to enter the finding. We note, however, that the finding was improper under our recently decided opinion in *Ex parte Thomas,* 638 S.W.2d 905 (Tex.Cr.App.1982).

In *Thomas,* we held that the "affirmative finding" mentioned in Art. 42.12, Sec. 3f(b), V.A.C.C.P., as to whether a firearm was used or exhibited during the commission of an offense, must be made by the jury when the jury is the trier of fact.

In the instant case the trial court entered the "affirmative finding" that appellant used a deadly weapon under Art. 42.12, Sec. 3f(a)(2), V.A.C.C.P.

We see no reason to distinguish between the "affirmative finding" in Sec. 3f(a)(2) and the "affirmative finding" in Sec. 3f(b), with respect to the question of who is to make such a finding.

The jury found appellant, "guilty as charged in the indictment." The indictment contains no mention of a deadly weapon. Neither does the court's charge to the jury. Thus, the court entered its finding as to use of a deadly weapon in the absence of such an "affirmative finding" by the appropriate trier of fact. This was improper.

Appellant contends that, "such a finding by the court and the entry by the court upon the judgment of the use of a deadly weapon, materially affects the rights and privileges of the Defendant within the scope of the jury finding and makes the judgment fatally defective."

Appellant, however, makes no arguments and cites no cases showing how his rights have been materially affected.

The entry was made upon the judgment *after* appellant was found guilty and *after* the jury assessed punishment at twelve years. Neither the court nor the jury had the power to grant probation since the punishment assessed was over ten years. Thus, the court's finding had no effect on the verdict of guilt, the punishment assessed, or the failure to grant probation. The only effect this finding has relates to the amount of time appellant must serve before he is eligible for parole under Art. 42.12, Sec. 15(b), V.A.C.C.P.

This Court has the power to reform and correct the judgment as the law and the nature of the case may require. Art. 44.24(b), V.A.C.C.P. When, on appeal, this Court has the same information for the reforming or correcting of the judgment as the trial court would have were the judgment reversed or the appeal dismissed, the judgment will be reformed and corrected on appeal. *Jordan v. State,* 552 S.W.2d 478 (Tex.Cr.App.). See also, *Gawlik v. State,* 608 S.W.2d 671 (Tex.Cr.App.); *Joles v. State,* 563 S.W.2d 619 (Tex.Cr.App.); *Johnson v. State,* 490 S.W.2d 587 (Tex.Cr.App.).

Accordingly, the judgment is reformed and corrected by deleting therefrom the following: "... and the Court further found that the said defendant committed the said offense with a deadly weapon, to-wit, a knife, ..."

As reformed, the judgment is affirmed.