**Ex parte Jose Oscar NINO.**

**No. 69197.**

Court of Criminal Appeals of Texas, En Banc.

Nov. 2, 1983.

Jose Oscar Nino, pro se.

John B. Holmes, Jr., Dist. Atty., Patricia Saum, Asst. Dist. Atty., Houston, Robert Huttash, State's Atty., Austin, for the State.

OPINION

CAMPBELL, Judge.

This is a post-conviction application for writ of habeas corpus. The record reflects applicant was tried by a jury and found guilty of burglary of a habitation with intent to commit theft. Punishment was assessed by the jury at life imprisonment, there being proof of two prior felony convictions.

The sole issue concerning us involves the sentence pronounced by the trial court. The judgment contained in the record reveals that the jury found applicant "guilty of the felony offense of burglary with intent to commit theft, *as alleged in the indictment* . . . ."[1] Examination of the indictment reveals applicant was originally charged with two additional counts of aggravated robbery, but further investigation indicates these two allegations were abandoned upon motion by the State.[2] The trial court's sentence, however, recites applicant was "adjudged to be guilty of burglary of a habitation with intent to commit theft, a felony, and further the Court finds that a deadly weapon, to wit: a firearm was used during the commission of this offense . . . ." Applicant contends the trial court made an improper finding that a firearm was used during the commission of the felony. We agree and order the sentence be reformed to reflect the jury's finding.

Applicant relies on the case of *Barecky v. State*, 639 S.W.2d 943 (Tex.Cr.App.1982) in support of his contention. *Barecky* stands for the proposition that, for purposes of Art. 42.12, Sec. 3f(a)(2), V.A.C.C.P., the jury should determine whether there was a deadly weapon used or exhibited in the commission of a felony offense, *where a*

---

1. All emphasis is supplied throughout by the writer of this opinion unless otherwise indicated.

2. Language contained in the judgment of conviction recounts the abandonment.

*jury acted as the trier of fact.* In the instant case, as in *Barecky,* supra, a jury found the applicant guilty "as charged in the indictment." Likewise, in neither case did the indictment allege the use of a deadly weapon,[3] nor did the court or the jury have the power to grant probation since punishment was assessed in excess of ten years. The length of time the applicant must serve before he is eligible for parole is the only issue upon which the trial court's improper finding had an effect. See Art. 42.12, Sec. 15, V.A.C.C.P.; *Barecky,* supra.

This Court has the authority to reform sentences when it possesses the necessary information and data. *Joles v. State,* 563 S.W.2d 619 (Tex.Cr.App.1978); *Anderson v. State,* 504 S.W.2d 507 (Tex.Cr.App.1974). Accordingly, the sentence is reformed to comport with the judgment by deleting the following: "... and further that the Court finds that a deadly weapon, to wit: a firearm was used during the commission of this offense."

As so reformed, the judgment of conviction is affirmed.

---

3. Allegations of the use of a deadly weapon had been contained in the aggravated robbery counts in the indictment, but were abandoned by the State.