**Ex parte Ricardo Castillo LARA.**

**No. 69373.**

Court of Criminal Appeals of Texas, En Banc.

May 22, 1985.

Rehearing Denied July 3, 1985.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION

WHITE, Judge.

This proceeding involves an original application for a writ of habeas corpus pursuant to Art. 11.07, V.A.C.C.P., and Article V, Sec. 5, Texas Constitution.

Applicant is seeking relief from an affirmative finding by the trial court that he used and exhibited a deadly weapon during the commission of the murder. That finding affects the amount of time appellant must serve in confinement before he is eligible for parole under Article 42.12, Sec. 15(b), V.A.C.C.P.

The applicant was convicted by a jury on May 19, 1981 of murder (V.T.C.A., Penal Code Sec. 19.02(a)(1)). On May 20, 1981, the jury assessed his punishment at 40 years' imprisonment. In the judgment rendered by the trial court on June 1, 1981, the trial court entered the following recitation:

"The Court finds affirmatively that the defendant used and exhibited a deadly weapon, as defined in Section 1.08(a)(11),[1] Penal Code, during the commission of the

---

1. As the applicant notes in his petition before this Court, this is an incorrect citation. The actual provision which is being applied is V.T.C.A., Penal Code Sec. 1.07(a)(11).

Murder of which he has heretofore been found guilty as recited in the Jury Verdict above. RENDERED, SIGNED AND ENTERED this 1st day of June, 1981."

Applicant contends that the indictment fails to contain an allegation that a deadly weapon was used in the commission of the murder, that no evidence was admitted at trial that a deadly weapon was used, and, that the jury, in its verdict, failed to make a finding that a deadly weapon was used. Applicant further argues that the court alone, and without authority, went beyond the allegation of the indictment, found that a deadly weapon was used, and entered it on the judgment and sentence.

Omitting the formal parts, the indictment alleges that the applicant did:

"intentionally and knowingly cause the death of an individual, Roberto Gonzalez, by stabbing him with a knife about the neck and chest with a knife."

The indictment in the instant case failed to allege that the knife, used by appellant, was a deadly weapon.

The jury was the trier of facts in the instant case, deciding both the guilt of the applicant and his punishment. They made no other findings in their verdict.

The verdict returned by the jury, states that:

"We, the Jury, find the defendant, RICARDO CASTILLO LARA, guilty of the offense as set out in the indictment, to-wit: MURDER.

/s/ Andrew J. Robb"

The trial court added the affirmative finding of a deadly weapon to the judgment 12 days after the jury set the applicant's punishment.

■ Whether or not a deadly weapon was used is a fact issue to be decided by the trier of facts. When the jury is the trier of facts, the affirmative finding, as to whether a deadly weapon was used or exhibited during the commission of an offense, must be made by the jury. *Ex parte Thomas*, 638 S.W.2d 905 (Tex.Cr.App.1982).

■ When there is no affirmative finding by the trier of fact, it is error for the trial court to add an affirmative finding to the judgment after the verdict is in. *Barecky v. State*, 639 S.W.2d 943 (Tex.Cr.App.1982).

■ In the instant case, there was no special issue given to the jury as we have noted in *Polk v. State*, 693 S.W.2d 391 (Tex.Cr.App.1985). Under our holding in *Polk v. State*, supra, the submission of a special issue would be necessary to support the affirmative finding by the trier of fact. It was improper for the trial court to add the affirmative finding of the use of a deadly weapon to the judgment. Accordingly, the judgment is reformed and corrected by deleting therefrom the following:

"The Court finds affirmatively that the defendant used and exhibited a deadly weapon, as defined in Section 1.08(a)(11), Penal Code, during the commission of the Murder of which he has heretofore been found guilty as recited in the jury verdict above."

The relief prayed for is granted.

It is so ordered.