**Frank Edward FANN, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 65784.

Court of Criminal Appeals of Texas, En Banc.

July 17, 1985.

On Rehearing Jan. 29, 1986.

Edward Gray, Dallas, for appellant.

Henry Wade, Dist. Atty. and John D. Nation, Hugh Lucas and Martin LeNoir, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

TEAGUE, Judge.

Frank Edward Fann, appellant, was tried and convicted by a jury of committing the offense of aggravated sexual abuse. The trial judge assessed punishment at twenty-five (25) years' confinement in the Department of Corrections. After reforming the judgment of conviction, we will affirm.

Appellant presents three grounds of error for review, which we will overrule. None of them concern the sufficiency of the evidence.

Appellant asserts in his second ground of error that the trial judge should not have entered in the judgment of conviction a finding that a deadly weapon was used or exhibited during the commission of the offense of aggravated sexual abuse. We agree, but also find that because appellant was convicted of one of the enumerated offenses listed in Art. 42.12, Section 3f(a)(1), V.A.C.C.P., prior to amendment, also see Art. 42.12, Section 15(b), V.A.C.C.P., prior to amendment, the improper affirmative finding will not have any effect upon when appellant will become eligible for release on "regular" parole. Nevertheless, because the trial judge should not have made the affirmative finding, we will reform and correct the judgment of conviction by deleting therefrom the following: "The court finds that defendant herein used or exhibited a deadly weapon during the commission of said offense."

The indictment in this cause charged appellant with committing the offense of aggravated sexual abuse. It did not allege that a deadly weapon was used or exhibited during the commission of the offense, nor was the jury instructed on the issue, whether a deadly weapon was used or exhibited during the commission of the alleged offense.

In *Ex parte Thomas*, 638 S.W.2d 905, 907 (Tex.Cr.App.1982), this Court, speaking through Presiding Judge Onion, held: "Reading Article 42.12, Sec. 3f(b), V.A.C.C.P., together with Articles 36.13 and 38.04, V.A.C.C.P., and applying the statutory rules of construction and the Code Construction Act (Article 5429b–2, Sec. 3.03, V.A.C.S.), we conclude that when the jury is the trier of the facts the 'affirmative finding' mentioned in said Article 42.-12, Sec. 3f(b), as to whether a firearm was used or exhibited during the commission of the offense, etc., must be made by the jury." In *Ex parte Barecky*, 639 S.W.2d 943, 945 (Tex.Cr.App.1982), this Court, speaking through Judge Tom Davis, extended the holding in *Ex parte Thomas*, supra, and held: "We see no reason to distinguish between the 'affirmative finding' in Sec. 3f(a) [under which this cause falls] and the 'affirmative finding' in Sec. 3f(b), with respect to the question of who is to make such a finding." Thus, if the jury is the trier of fact, it, and not the trial judge, must make the affirmative finding mentioned in either Sec. 3f(a) or Sec. 3f(b) of Art. 42.12, supra. Also see *Polk v. State*, 693 S.W.2d 391 (Tex.Cr.App.1985).

The indictment in this cause did not allege that a deadly weapon was used or exhibited during the commission of the offense, nor does the charge to the jury on guilt mention anything about a deadly weapon. Thus, without an "affirmative finding" by the jury, who was the trier of fact in this cause, the trial judge had no authority to enter the "affirmative finding". *Ex parte Thomas*, supra; *Ex parte Barecky*, supra; *Polk v. State*, supra. The judgment of conviction will be reformed and corrected by this Court by deleting therefrom the following: "The court finds that defendant herein used or exhibited a deadly weapon during the commission of said offense."

Because of the disposition that we have made of appellant's second ground of error, we pretermit for another day a discussion of the issue he raises in his first ground of error, namely, that before an "affirmative finding," that a deadly weapon was used or exhibited during the commission of an offense may be entered in the judgment of conviction, the charging instrument must

contain this allegation. Cf. *Polk v. State,* supra, (Concurring Opinion by Clinton, J.)

In his third ground of error, appellant asserts that the order of transfer of his cause from one district court of Dallas County to another district court of Dallas County is invalid and deprived the transferee court of jurisdiction because it was not properly signed by the presiding judge of the court from which the cause was transferred. We disagree.

The record reflects that appellant did not complain of the transfer order in the trial court, but does so for the first time on appeal. In *Torres v. State,* 161 Tex.Cr.R. 480, 278 S.W.2d 853 (1955), this Court held that to properly complain of a transfer order on appeal, the defendant must first show that he questioned in the trial court the validity of the transfer order. By waiting until now to complain of the transfer order, appellant has waived his complaints that the transfer order is invalid and deprived the transferee court of jurisdiction because it was not signed by the judge of the court from which the cause was transferred. Also see *Duran v. State,* 505 S.W.2d 863 (Tex.Cr.App.1974), and the cases cited therein. Appellant's third ground of error is overruled.

The judgment in this cause, as reformed, is affirmed.

CLINTON, J., not participating.

MILLER and WHITE, JJ., dissent.

## OPINION ON STATE'S MOTION FOR REHEARING

W.C. DAVIS, Judge.

On original submission we held that although the trial judge assessed punishment, he had no authority to make an affirmative finding that appellant used or exhibited a deadly weapon when no such finding was made by the jury at the guilt-innocence stage. We granted the State's motion for rehearing to address the issue of whether the trial judge had authority to make such an affirmative finding.

In *Flores v. State,* 690 S.W.2d 281 (Tex. Cr.App.1985) we discussed this issue and stated:

> An affirmative finding by the trial court would still have been appropriate in this case, however, because the trial court was the trier of facts at the punishment stage of the trial. The appellant did not elect to have the jury set his punishment. As the trier of facts, the trial court had the power to add the affirmative finding to the judgment if the facts showed and he believed that the appellant himself used or exhibited a deadly weapon during the commission of this offense. This Court has approved this procedure. *Polk v. State,* [693] S.W.2d [391] (No. 294–84, May 22, 1985).

Also, in *Polk v. State,* 693 S.W.2d 391 (Tex.Cr.App.1985) we stated that the issue of an affirmative finding may be made by special issue submitted at the punishment stage. We noted that the trier of fact makes affirmative findings on special issues submitted at the punishment stage of a capital murder trial. See Art. 37.071, V.A.C.C.P. Thus, "[F]or the purposes of Art. 42.12, supra, an affirmative finding may be made if, during the punishment stage of trial, the trier of fact is presented with and responds in the affirmative to a special issue regarding the defendant's use or exhibition of a deadly weapon or firearm during the commission of the offense." *Polk,* 693 S.W.2d at 394. Consistent with *Flores,* supra, and *Polk,* supra, we hold that where, as in the instant case, the trial judge is the trier of fact at the punishment stage and he has heard evidence on the issue, he has the authority to make an affirmative finding as to the use or exhibition of a deadly weapon if the jury has not decided the matter. By including such an affirmative finding in the judgment, the court, in essence, responds to the special issue concerning the use or exhibition of a deadly weapon.

When the punishment hearing is held before the trial judge, the trial judge is the trier of fact as to the punishment issues. An affirmative finding can be and

is perhaps more suited to be a punishment issue. See *Polk,* supra; see Art. 42.12, Sec. 3f, and Sec. 15(b), V.A.C.C.P.; see also *Davis v. State,* 684 S.W.2d 201, 208 (Tex. App.—Houston [1st] 1984).

Neither *Ex Parte Thomas,* 638 S.W.2d 905 (Tex.Cr.App.1982) nor *Barecky v. State,* 639 S.W.2d 943 (Tex.Cr.App.1982) conflict with our holding. In *Barecky* we explicitly stated that the affirmative finding "... must be made by the jury *when the jury is the trier of fact."* (emphasis added) See also *Ex parte Nino,* 659 S.W.2d 436 (Tex.Cr.App.1983).

*Ex Parte Thomas,* supra, was a case in which the jury was the trier of facts at the guilt-innocence stage and at the punishment stage of trial. Therefore, the trial judge did not have the authority to make an affirmative finding on an issue of fact. *Polk,* supra.

The trial court in the instant case had authority to make the affirmative finding because the court was the trier of fact at the punishment stage. The judgment should not be reformed as it is correct as originally rendered. The State's motion for rehearing is granted and the judgment of the trial court is affirmed.

ONION, P.J., dissents.

CLINTON, J., not participating.

TEAGUE, Judge, dissenting.

Frank Edward Fann, hereinafter referred to as the appellant, was convicted in this cause by a jury of the offense of aggravated sexual abuse. The trial judge assessed his punishment at twenty-five years' confinement in the Department of Corrections. During the same trial, the appellant was also convicted of kidnapping the complaining witness' daughter and the trial judge assessed his punishment for that offense at five years' confinement in the Department of Corrections. This Court affirmed that conviction, see *Fann v. State,* 696 S.W.2d 575 (Tex.Cr.App.1985), which does not concern the issue that is before us in this cause, which is whether the statement in the judgment of the trial court, "The court finds that defendant herein used or exhibited a deadly weapon during the commission of the offense," is supported by the record on appeal.

Because I am unable to agree that the record before us will support the above statement, I am compelled to file this dissenting opinion, stating herein my reasons for disagreeing with the majority opinion.

In this instance, because of the state of the record, the questions, (1) whether there was an "issue of fact" to be resolved by the trier of fact, and (2) whether the jury or the trial judge should have been "the trier of fact" in this cause—to make the determination whether the appellant had used or exhibited a deadly weapon during the commission of the aggravated sexual abuse offense—need not be answered or discussed. In this instance, the answers are not dependent upon whether there was an "issue of fact", as that term is used in law, or who should have been the "trier of fact", as that term is also used in law. But, see and cf. this Court's majority opinion on original submission in this cause; Art. 36.13, V.A.C.C.P.; Art. 34.04, V.A.C.P.; *Ex parte Thomas,* 638 S.W.2d 905 (Tex.Cr.App.1982); 1350 *Black's Law Dictionary* (5th Edition, 1979).

After carefully reviewing the record on appeal, in an attempt to find support for the following statement that is found in the trial court's judgment of conviction, "The court finds that defendant herein used or exhibited a deadly weapon during the commission of said offense," I have concluded that this record closely resembles a newborn naked baby because there is absolutely no support in the record for the above statement.

Nowhere in the indictment in this cause is it stated that the appellant used or exhibited a deadly weapon during the commission of the offense of aggravated sexual abuse. Nowhere in the charge to the jury is there any mention of a deadly weapon. Nowhere in the jury verdict, either expressly or implicitly, is there any mention of a deadly weapon. No special issue was sub-

mitted to the jury on the subject. Nowhere in the punishment hearing that was held on December 4, 1979 before the trial judge are the words "deadly weapon" mentioned by anyone, including the trial judge himself. The trial judge never uttered a single word on the subject. The docket sheet in this cause is also blank on the subject of a deadly weapon. And yet, the majority holds that this record supports the above statement in the judgment of conviction.

The record of this cause clearly reflects that the first appearance in this cause of the words "deadly weapon" took place on December 5, 1979, when, presumably, the clerk of the court prepared the judgment of the court and put therein the following sentence: "The court finds that defendant herein used or exhibited a deadly weapon during the commission of said offense." Why he did this is not reflected by this record.

The majority opinion does not mention or discuss the above undisputed omissions in the record. It nevertheless holds that the record supports the above finding in the trial court's judgment of conviction. The majority opinion reaches its conclusion by making the following incredible statement: "By including such an affirmative finding in the judgment, the court, in essence, responds to the special issue concerning the use or exhibition of a deadly weapon."[1]

In light of this record, I find that in essence what the majority opinion is really stating is that although unknown to anyone in the world, except the trial judge himself, he, the trial judge, mentally gave himself a special issue on the deadly weapon issue during the punishment hearing that was held in this cause, and then, the next day, out of the appellant and his attorney's presence, but in secret, apparently out of the blue, for reasons unknown to anyone but

himself, had the clerk type the above sentence in the judgment of conviction, which statement only he himself knew had ever been made. I ask: Who says that an act or event cannot occur in law through a gradual, unconscious, process of assimilation or absorption that closely resembles the diffusion of fluid through a semipermeable membrane until there is an equal concentration of fluid on either side of the membrane? Certainly not the author of the majority opinion.

Because the majority opinion is so foreign and alien to our criminal jurisprudence, a copy of same should be given to all of those persons who will next be sworn in as attorneys of this State, with the giver stating: "Welcome to the real, but sometimes strange, world of criminal law."

I respectfully dissent.

---

1. In making this statement, it is obvious that the author of the majority opinion has clearly overlooked the provisions of Art. 42.12, Section 3f(a)(2), V.A.C.C.P., prior to amendment, which clearly states that *before* the finding that a deadly weapon was used or exhibited during the commission of the offense shall be entered in the judgment, there *first* must be on the record either a written statement by the jury or an oral declaration on the record by the trial judge, assuming for the moment that he can be the "trier of fact." The entry in the judgment is expressly conditioned "Upon an affirmative finding [by the trier of fact]." In light of this record, the omission in the record of "an affirmative finding" prior to the entry of the deadly weapon finding in the judgment amounts to a "no verdict" on the deadly weapon issue.