OPINION
W.C. DAVIS, Judge.
Applicant brings this application for writ of habeas corpus pursuant to Art. 11.07, V.A.C.C.P., alleging that the trial court’s inclusion in the judgment of an affirmative finding that a deadly weapon was used in the commission of the offense is erroneous.
The indictment charged applicant with attempted capital murder “by intentionally shooting a gun....” After the jury found applicant guilty of attempted murder under a charge which included a sentence that appellant “attempt[ed] to cause the death of [the victim] by shooting him with a gun,” the trial court assessed punishment at eight years’ confinement and at the same time made a finding that appellant used and exhibited a deadly weapon, to wit: a firearm. Applicant contends that the jury was the trier of fact and that the jury made no specific finding that a deadly weapon was used. He requests that the judgment be reformed by deletion of the trial court’s finding.
Applicant is correct that the jury’s verdict, based upon the given charge, does not constitute an affirmative finding. See Boyett v. State, 692 S.W.2d 512 (Tex.Cr.App.1985). However, this case is controlled by Fann v. State, 702 S.W.2d 602 (Tex.Cr.App.1986), in which we said that where the trial court, who heard the evidence presented at guilt-innocence, is the trier of fact at the punishment stage, and has heard evidence on the issue, the trial court has the authority to make an affirmative finding as to the use or exhibition of a deadly weapon. See also Flores v. State, 690 S.W.2d 281 (Tex.Cr.App.1985).
In the instant case, the trial court heard evidence and assessed punishment. As trier of fact at the punishment stage the trial court was empowered to make an affirmative finding and enter it in the judgment. The relief requested is denied.
ONION, P.J., dissents.