Rudy C. MOLINA, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–88–598–CR.

Court of Appeals of Texas,
Corpus Christi.

Dec. 7, 1989.

Paul Cedillo, Jr., New Braunfels, for appellant.

W.C. Kirkendall, Dist. Atty., Seguin, for appellee.

Before NYE, C.J., and SEERDEN, and DORSEY, JJ.

OPINION

NYE, Chief Justice.

A jury found appellant, Rudy C. Molina, guilty of attempted murder. The trial court assessed as punishment sixteen years' confinement in the Texas Department of Corrections plus restitution. The judgment reflects an affirmative finding of use of a deadly weapon in commission of the offense. By a single point of error, appellant complains that since the jury did not return a finding on the use of a deadly weapon, the trial court erred by including in its judgment and sentence a finding that he used and exhibited a deadly weapon during the commission of the offense. We will affirm the trial court's judgment.

The trial court's judgment reflects, in pertinent part, that:

The Court also made the affirmative findings as indicated above concerning the use or exhibition [sic] of a deadly weapon during the commission of the offense indicated above or during the immediate flight therefrom and whether the deadly weapon was a firearm.

In *Fann v. State*, 702 S.W.2d 602, 604 (Tex.Crim.App.1985), our Court of Criminal Appeals held that where, as in the case before us, the trial judge is the trier of fact at the punishment stage and he has heard evidence on the issue, he has the authority to make an affirmative finding concerning the use or exhibition of a deadly weapon if the jury has not decided the matter. By including such an affirmative finding in the judgment, the trial court, in essence, responds to the special issue concerning the use or exhibition of a deadly weapon.

Implicit in the jury's verdict is a finding that appellant used a deadly weapon during the commission of the alleged offense.

Nevertheless, when the punishment hearing is held before the trial judge, the trial judge is the trier of fact concerning the punishment issues. An affirmative finding can be and is, perhaps, more suited to be a punishment issue. *Fann,* 702 S.W.2d at 604–05; *see also Polk v. State,* 693 S.W.2d 391 (Tex.Crim.App.1985).

The trial court in the instant case had authority to make the affirmative finding because the court was the trier of fact at the punishment stage of the trial. Appellant's point of error is overruled.

The judgment of the trial court is AFFIRMED.