IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-92-054-CR




ROBERT AKERS,



 APPELLANT


vs.




THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT


NO. 0911661, HONORABLE WILFORD FLOWERS, JUDGE PRESIDING


 




PER CURIAM

 A jury found appellant guilty of driving while intoxicated, felony offense, and
assessed punishment at imprisonment for five years and a $2000 fine. Tex. Rev. Civ. Stat. Ann.
art. 6701l-1 (West Supp. 1992). In his first point of error, appellant urges that he is entitled to
a new trial because he has been deprived of a complete appellate record because an trial exhibit
has been lost. Appellant relies on Durrough v. State, 693 S.W.2d 403 (Tex. Crim. App. 1985),
and Sheffield v. State, 777 S.W.2d 743 (Tex. App.--Beaumont 1989, no pet.). But see Webb v.
State, 760 S.W.2d 263, 276 n.19 (Tex. Crim. App. 1988). The State confesses error and
concedes that reversal is required.

 Point of error one is sustained. As a result, we need not reach points of error two
and three. The judgment of conviction is reversed and the cause is remanded to the trial court.


[Before Chief Justice Carroll, Justices Jones and Kidd]

Reversed and Remanded

Filed:  October 28, 1992

[Do Not Publish]