# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-08-00242-CR

Harold Odum, Appellant

v.

The State of Texas, Appellee

FROM THE DISTRICT COURT OF LLANO COUNTY, 33RD JUDICIAL DISTRICT
NO. 5763, HONORABLE DANIEL H. MILLS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Harold Odum pleaded guilty to two counts of intoxication manslaughter. *See* Tex Penal Code. Ann. § 49.08 (West Supp. 2008).  A jury found him guilty of both counts and assessed punishment at six years' imprisonment and a $10,000 fine for each count.  The trial court ordered that the sentences be served consecutively and included a deadly weapon finding in the judgment.  In his sole point of error, Odum argues that the jury did not affirmatively find that he used a deadly weapon and therefore the trial court erred by entering the finding in its judgment.  Because we hold that the jury's verdict included an affirmative finding that Odum used a deadly weapon, we affirm the judgment of the trial court.

## BACKGROUND

On January 11, 2006, Odum and two friends and business associates, Michael Klinglesmith and Cory Buchanan, gathered to celebrate a successful business deal.

According to Odum, the three men spent much of the evening at his father's house near Lake LBJ, drinking beer and wine as they prepared and ate dinner. Around midnight, Odum and his friends decided to leave the house and go to a bar in nearby Horseshoe Bay that Odum sometimes patronized. Odum drove his friends to the bar in his vehicle. The bartender testified that she refused to serve Odum because she and her co-workers were in the process of closing up the bar and because Odum appeared to already be intoxicated. The bartender testified, "[Odum] had been coming to us for about two years and he could tell us what he wanted when he came in the door. That night he couldn't even focus on what we had back there." After being refused service at the bar, the men decided to return to the lake house. On the way back, while driving along Ranch Road 2147 in Llano County during the early morning hours of January 12, 2006, Odum lost control of his car. The vehicle spun across the road, through a fence, across a pasture, and into a rock pillar before it flipped over and came to a stop. The Department of Public Safety's accident investigator testified that Odum was driving at least eighty-six miles an hour when he lost control of the car. Klinglesmith and Buchanan were killed in the accident. Odum, the only survivor, was seriously injured and had to be flown by Starflight to Brackenridge Hospital in Austin.

Odum was indicted for both intoxication manslaughter and manslaughter in the deaths of Klinglesmith and Buchanan. At a jury trial, Odum pleaded guilty to the two counts of intoxication manslaughter. Each count charged Odum with operating a motor vehicle while intoxicated and causing the deaths "by driving said motor vehicle in such a manner that the defendant lost control of the vehicle and the said loss of control of the vehicle resulted in a collision of the vehicle with the ground, the road surfaces, the shoulder of the roadway, a rock pillar, a fence or other fixed movable objects." Each count also charged Odum with using "a deadly weapon, to wit: a motor vehicle."

After a hearing on punishment, the jury found Odum guilty of both counts and sentenced him to six years' imprisonment and a $10,000 fine for each count. The trial judge entered a deadly weapon finding in its judgment and granted the State's motion to cumulate the sentences.

## DISCUSSION

A deadly weapon finding limits a defendant's eligibility for community supervision and parole.[1] *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 3g(a)(2) (West 2006); Tex. Gov't Code Ann. §§ 508.145(d), .149, .151 (West Supp. 2008). A judgment may only include a deadly weapon finding when the trier of fact affirmatively finds—or expressly determines—that a deadly weapon was actually used or exhibited during commission of the offense. *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 3g(a)(2); *LaFleur v. State*, 106 S.W.3d 91, 94-95 (Tex. Crim. App. 2003) (citing *Polk v. State*, 693 S.W.2d 391, 393 (Tex. Crim. App. 1985)). Thus, when a jury is the trier of fact at both stages of trial, the jury must make the affirmative finding.[2] *See LaFleur*, 106 S.W.3d at 95;

_____

[1] If the judgment contains an affirmative deadly weapon finding under section 3g(a)(2) of article 42.12, a prisoner is not eligible for parole until his actual calendar time served, without consideration for good conduct time, equals one half of the sentence or thirty calendar years, whichever is less. Tex. Gov't Code Ann. § 508.145(d) (West Supp. 2008); Tex. Code Crim. Proc. Ann. art. 42.12, § 3g(a)(2) (West 2006). Thus, a deadly weapon finding requires Odum to serve a substantially longer period than would be required without the finding.

[2] The State argues that the trial court may make an affirmative finding at punishment even if the jury made no such determination, citing to *Fann v. State*, 702 S.W.2d 602 (Tex. Crim. App. 1986). In *Fann*, however, the trial court assessed punishment. *Id.* at 604. The court of criminal appeals specifically limited its holding to such cases, stating that "[t]he trial court in the instant case had authority to make an affirmative finding because the court was the trier of fact at the punishment stage." *Id.* at 605. The court of criminal appeals distinguished *Ex Parte Thomas*, 638 S.W.2d 905 (Tex. Crim. App. 1982), as "a case in which the jury was the trier of facts at the guilt-innocence stage and at the punishment stage of trial. Therefore, the trial judge did not have the authority to make an affirmative finding on an issue of fact." *Id.*; *see also Sullivan v. State*, 248 S.W.3d 746, 752 (Tex. App.—Houston [1st Dist.] 2008, no pet.) ("When a trial court is not the fact finder, it does not have the authority to 'find' implied facts that the jury did not expressly find.").

*Barecky v. State*, 639 S.W.2d 943, 945 (Tex. Crim. App. 1982). In an intoxication manslaughter case, a motor vehicle can be considered a deadly weapon. *See Tyra v. State*, 897 S.W.2d 796, 798 (Tex. Crim. App. 1995); *Sullivan v. State*, 248 S.W.3d 746, 751-52 (Tex. App.—Houston [1st Dist.] 2008, no pet.).

A jury makes an affirmative finding that a defendant used a deadly weapon when (1) the indictment alleges the use of a "deadly weapon" and the jury's verdict finds the defendant "guilty 'as charged in the indictment'"; (2) the indictment alleges the use of a weapon and the weapon is deadly per se; or (3) the jury affirmatively answers a special issue on the use of a deadly weapon. *Polk*, 693 S.W.2d at 394; *see also LaFleur*, 106 S.W.3d at 95. An indictment alleges the use of a deadly weapon when a deadly weapon is an element of the offense, *see Sarmiento v. State*, 93 S.W.3d 566, 570 (Tex. App.—Houston [14th Dist.] 2002, pet. ref'd), or when the indictment contains an express allegation that a deadly weapon was used, *see LaFleur*, 106 S.W.3d at 99.

In the case at bar, both counts of the indictment contained an express allegation that a deadly weapon was used: "And it is further presented that the defendant used or exhibited a deadly weapon, to wit: a motor vehicle, during the commission of or immediate flight from said offense." The jury's verdict found the defendant "guilty of intoxication manslaughter, as charged in Count One of the indictment" and "guilty of intoxication manslaughter, as charged in Count Two of the indictment."

Odum contends that this verdict does not include an affirmative finding that he used a deadly weapon. He argues that, because the indictment in this case included the specific allegation that a deadly weapon was used, when the jury found him "guilty of intoxication manslaughter as

4

charged" and not simply "guilty as charged," the jury found him guilty of the intoxication manslaughter offense only and was required to affirmatively answer a special issue on the use of a deadly weapon or otherwise specifically reference the use of a deadly weapon in its verdict in order to make an affirmative finding. We disagree.

A defendant is not indicted for or found guilty of an affirmative finding; he is indicted for and found guilty of a specific offense. In this case, Odum was indicted for intoxication manslaughter. As a result, Odum would have been found guilty "of intoxication manslaughter" whether the jury found him "guilty as charged" in the indictment or "guilty of intoxication manslaughter as charged" in the indictment. Therefore, we hold that the insertion of the phrase "of intoxication manslaughter" does not take the verdict out of the first category described by the court of criminal appeals in *Polk*. *See* 693 S.W.2d at 394. Nor is there any requirement that a jury answer a special issue on the use of a deadly weapon when the indictment separately and specifically alleges its use. *Id.* ("Thus, if the indictment by allegation *specifically* places the issue before the trier of fact . . . then an affirmative finding is de facto made when the defendant is found guilty 'as charged in the indictment.'") (emphasis added).

Each count of the indictment in this case specifically alleged that Odum committed intoxication manslaughter and that he used a "deadly weapon, to wit: a motor vehicle" in the commission of that offense. The jury then found Odum guilty of intoxication manslaughter as charged. By finding Odum guilty of the offenses as charged, the jury made an affirmative finding that he used a deadly weapon. Therefore, the trial court did not err in entering a deadly weapon finding in the judgment. We overrule Odum's sole point of error.

5

**CONCLUSION**

Because we hold that the jury's verdict included an affirmative finding that Odum used a deadly weapon, we affirm the judgment of conviction.

_____

Diane M. Henson, Justice

Before Justices Patterson, Waldrop and Henson

Affirmed

Filed:   April 17, 2009

Do Not Publish

6