In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00174-CR

                                                ______________________________

 

 

                            BRANDON DENNARD FRATER,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                         On Appeal from the 7th Judicial District Court

                                                             Smith County, Texas

                                                       Trial Court
No. 007-0581-10

 

                                                      
                                            

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                        Memorandum Opinion by Chief Justice Morriss








                                                     MEMORANDUM 
OPINION

 

            After
a Smith County[1]
jury found Brandon Dennard Frater guilty of driving while intoxicated (DWI)—the
offense enhanced to a third degree felony[2]—trial
proceeded to the punishment phase, during which Frater pled “true” to a
sentence enhancement.[3]  See Tex. Penal Code Ann. § 49.04(a)
(Vernon 2003).  The jury found the sole
sentence-enhancement allegation to be true and assessed Frater’s punishment at
seventeen years’ imprisonment and a $5,000.00 fine.[4]  On appeal, Frater complains only that the
trial court’s judgment reflects that Frater pled true to two
sentence-enhancement allegations.  The
State has not filed a brief.  Agreeing
with Frater, we modify the judgment and affirm it.

            The
record reflects that Frater pled true to only one sentence-enhancement
allegation—a felony conviction for DWI April 18, 2006, in Smith County, Texas,
addressed in cause number 007-1827-05.[5]  The trial court’s charge on punishment
described this same, sole enhancement allegation, as did the jury’s verdict and
the trial court’s recitation of that verdict in open court.  The trial court’s written judgment, therefore,
incorrectly reflects a plea and finding of true to two enhancement allegations,
rather than one.[6]

            We
have the authority to modify the judgment to make the record speak the truth
when the matter has been called to our attention from any source.  Tex.
R. App. P. 43.2; French v. State, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992); Rhoten v. State, 299 S.W.3d 349, 356 (Tex.
App.—Texarkana 2009, no pet.).  The
judgment does not accurately reflect what happened in open court.  When an appellate court has the necessary
data and evidence before it for correcting the judgment, the judgment may be
modified and corrected on appeal.  Banks v. State, 708 S.W.2d 460, 462
(Tex. Crim. App. 1986); see Barecky v. State, 639 S.W.2d 943, 945 (Tex. Crim. App. [Panel Op.] 1982) (when
appellate court has same information for modifying judgment as trial court
would have were judgment remanded or appeal dismissed, appellate court to
modify judgment).

            We
modify the judgment to reflect only a plea of true and a finding of true to the
first sentence-enhancement paragraph.  We
delete from the judgment the plea, and finding, of true to the second
enhancement paragraph.  

            As modified, the trial court’s
judgment is affirmed.

 

 

                                                            Josh R.
Morriss, III

                                                            Chief
Justice

 

Date Submitted:          March 25, 2011

Date Decided:             March 28, 2011

 

Do Not Publish

 











[1]Originally
appealed to the Twelfth Court of Appeals, this case was transferred to this
Court by the Texas Supreme Court pursuant to its docket equalization
efforts.  See Tex. Gov’t Code Ann.
§ 73.001 (Vernon 2005).  We are unaware
of any conflict between precedent of the Twelfth Court of Appeals and that of
this Court on any relevant issue.  See Tex.
R. App. P. 41.3.

 





[2]Because
the indictment alleged Frater had two prior convictions for DWI, the charge was
enhanced to that of a third degree felony. 
See Tex. Penal Code Ann. § 49.09(b)(2) (Vernon Supp. 2010).

 





[3]The
sentence enhancement was a previous felony conviction for DWI, unrelated to
those enhancements alleged in the indictment. 


 





[4]This
prior conviction increased the punishment range to that of a second degree
felony.  Tex. Penal Code Ann. § 12.42(a) (Vernon Supp. 2010).

 





[5]Frater
signed a stipulation of evidence regarding this conviction as well, and does
not contest his plea of true.  





[6]The
second enhancement finding that Frater is a habitual offender was erroneously
included in the judgment and is not supported by the record.