Herbert Dion PATTERSON,
Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 05–94–01014–CR.

Court of Appeals of Texas,
Dallas.

July 24, 1997.

Billy R. Grant, Sherman, for Appellant.

Robert T. Jarvis, District & County Attorney, Thomas H. Fowler, Assistant County Attorney, Sherman, for Appellee.

Before MALONEY, CHAPMAN and MOSELEY, JJ.

## OPINION

CHAPMAN, Justice.

Appellant appeals his conviction for murder. The jury assessed punishment at ninety-nine years' confinement. In six points of error, appellant generally contends: (1) the trial court erred in entering an affirmative deadly weapon finding; (2) the trial court erred in denying appellant an instruction on the lesser included offense of involuntary manslaughter; (3) the evidence is legally and factually insufficient to prove his intent to kill; and (4) the trial court erred in submitting a charge on the law of parties to the jury. We reform the judgment to delete the deadly weapon finding and affirm the judgment as reformed.

### Facts

A rivalry existed between a group of young men from Sherman (the Sherman group) and a group from Denison (the Denison group). Appellant was part of the Sherman group. On August 30, 1993, members of the Denison group drove to Sherman to retaliate against the Sherman group because they had "shot up" one of their houses. The Sherman group was at Ronald Polk's house when appellant's sister arrived and warned them the Denison group was in town and "riding strong."

The Sherman group decided to find the Denison group. They got into three cars, and began the search. Appellant was in a red Nissan with Charles Jackson and two others. Appellant was in the front passenger seat, and Jackson was behind appellant in the back seat. Appellant had a Tech–9 semiautomatic pistol that had been converted to fire fully automatic. A Tech–9 fires nine-millimeter bullets. Jackson also had a weapon that fired nine-millimeter bullets.

The Sherman group saw a light colored Cadillac they recognized as belonging to the Denison group. The car was coming out of an apartment complex. The Sherman group began to chase the Cadillac. The Nissan was in the lead.

The Nissan caught up to the Cadillac and the two cars bumped each other. Polk, who was in the car behind the Nissan, saw a gun firing shots from the Nissan's front passen-ger seat, where appellant was sitting. Polk also saw shots fired from the back seat, where Jackson was sitting. The Cadillac crashed.

The deceased was found in the Cadillac after the shooting. He died of three gunshot wounds, one to the left thigh and two to the left abdominal area. The bullets recovered from the deceased's body were all nine-millimeter bullets and were all fired from the same gun.

Appellant made a voluntary statement to police. In the statement, appellant admitted he went looking for the Denison group on the day of the shooting. He said he tried to shoot at the Cadillac, but his gun would not fire. He said Jackson was in the seat behind him, and he shot his nine-millimeter gun several times. He said another person in the car shot a .25–caliber weapon.

The jury found appellant guilty of murder and assessed punishment at ninety-nine years' confinement. The trial court entered an affirmative finding on the judgment that appellant used a deadly weapon in commission of the offense. This appeal followed.

### Deadly Weapon Finding

In his first point of error, appellant contends the trial court erred in entering a deadly weapon finding. Appellant asserts the trial court could not enter an affirmative deadly weapon finding because: (1) the jury was the trier of fact at both guilt/innocence and punishment, and (2) the jury never specifically found appellant used a deadly weapon in commission of the offense.

The trier of fact is responsible for making the affirmative finding concerning use or exhibition of a deadly weapon. *Ex parte Thomas*, 638 S.W.2d 905, 907 (Tex. Crim.App.1982). Therefore, when the jury is the trier of fact, the jury must make the finding. *Adams v. State*, 685 S.W.2d 661, 671 (Tex.Crim.App.1985); *Thomas*, 638 S.W.2d at 907. The finding must be express; an implied finding will not suffice. *Davis v. State*, 897 S.W.2d 791, 793 (Tex.Crim.App. 1995). The jury can make an express affirmative deadly weapon finding in three ways:

(1) by finding the defendant guilty as charged in the indictment if the indictment alleges use of a deadly weapon; (2) by finding the defendant guilty as charged in the indictment if the indictment names a weapon that is a deadly weapon per se; or (3) by making an affirmative finding to a special issue on use of a deadly weapon. *Polk v. State,* 693 S.W.2d 391, 396 (Tex.Crim.App. 1985).

■ In the instant case, the indictment contained two paragraphs, both alleging that appellant committed murder on August 30, 1993. The first paragraph alleged appellant committed murder by intentionally and knowingly causing the death of the deceased by shooting him with a firearm. The second paragraph alleged appellant, acting with the *intent to cause serious bodily injury,* committed an act clearly dangerous to human life, "to wit: shoot[ing] at the vehicle" driven by the deceased. The second paragraph did not specify what appellant used to "shoot at the vehicle."

The indictment thus charged appellant with murder under both sections 19.02(a)(1) and 19.02(a)(2) of the penal code. While the first paragraph alleged appellant used a firearm, a deadly weapon per se, the second paragraph did not allege use of a deadly weapon. The jury was charged under both paragraphs of the indictment and on the law of parties. The jury found appellant "guilty of the offense of [m]urder, as charged in the [i]ndictment." The verdict does not refer to appellant's use of a deadly weapon. Additionally, the jury did not answer a special issue on the use of a deadly weapon. Because the jury's verdict does not specify whether the jury found appellant guilty under the first or second paragraph, we cannot determine whether the jury found appellant guilty of shooting the deceased with a firearm. Nevertheless, the State asserts a deadly weapon finding was proper because (1) the indictment alleged use of a firearm, a deadly weapon per se; (2) the application paragraphs each alleged appellant personally used a firearm; and (3) the jury found appellant guilty as alleged in the indictment. We cannot agree with the State's contentions. The State's argument fails to recognize that

only one theory of murder in the indictment alleged use of a deadly weapon. It is impossible to determine which theory the jury used to find appellant guilty. Because the jury did not expressly find appellant used a deadly weapon, we conclude the trial court erred in entering a deadly weapon finding on the judgment. *Cf. Flores v. State,* 690 S.W.2d 281, 283 (Tex.Crim.App.1985) (deadly weapon finding improper when jury finds appellant guilty as charged in the indictment, but it is impossible to determine whether jury found appellant guilty as a party or as a principal). Accordingly, we sustain appellant's first point of error and reform the judgment to delete the deadly weapon finding.

In his second point of error, appellant contends the trial court erred in entering an affirmative deadly weapon finding because the jury was charged on the law of parties and thus the jury's finding of guilt as alleged in the indictment was not a finding that appellant personally used a deadly weapon. Because we have concluded that the trial court erred in entering the deadly weapon finding, we need not reach appellant's second point of error. *See* Tex.R.App. P. 90(a).

### Instruction on Involuntary Manslaughter

■ In his third point of error, appellant contends the trial court erred in refusing to instruct the jury on the lesser included offense of involuntary manslaughter. Appellant contends the instruction should have been given because there was evidence presented indicating that if appellant was guilty at all, he was guilty only of involuntary manslaughter.

■ In determining whether an instruction on a lesser included offense is required, the lesser included offense must be included within the proof necessary to establish the offense charged and there must be some evidence that, if the defendant is guilty, he is guilty only of the lesser offense. *Royster v. State,* 622 S.W.2d 442, 446 (Tex.Crim.App. 1981)(on reh'g); *see also Tompkins v. State,* 774 S.W.2d 195, 210 (Tex.Crim.App.1987), *aff'd,* 490 U.S. 754, 109 S.Ct. 2180, 104 L.Ed.2d 834 (1989). If evidence from any source raises the issue of a lesser included offense, an instruction on that offense must

be included in the court's charge. *Tompkins,* 774 S.W.2d at 210. We must determine whether there is evidence that would permit a jury to rationally find that the defendant is guilty only of the lesser offense and not the greater offense. *Rousseau v. State,* 855 S.W.2d 666, 673 (Tex.Crim.App.), *cert. denied,* 510 U.S. 919, 114 S.Ct. 313, 126 L.Ed.2d 260 (1993).

Under section 19.02(a)(1) of the penal code, a person commits murder if he intentionally or knowingly causes the death of an individual. Act of May 28, 1973, 63d Leg., R.S., ch. 426, § 1, 1973 Tex. Gen. Laws 1122, 1123 *amended by* Act of May 29, 1993, 73d Leg., R.S., ch. 900, § 1.01, 1993 Tex. Gen. Laws 3586, 3612 (current version at TEX. PENAL CODE ANN. § 19.02(b)(1) (Vernon 1994)). Under section 19.02(a)(2) of the penal code, a person commits murder if he intends to cause serious bodily injury and commits an act clearly dangerous to human life that causes the death of an individual. Act of May 28, 1973, 63d Leg., R.S., ch. 426, § 1, 1973 Tex. Gen. Laws 1122, 1123 (amended 1993) (current version at TEX. PENAL CODE ANN. § 19.02(b)(2) (Vernon 1994)). A person acts intentionally with respect to a result of his conduct when it is his conscious objective or desire to cause the result. TEX. PENAL CODE ANN. § 6.03(a) (Vernon 1994). Under either section 19.02(a)(1) or 19.02(a)(2), the State must show the accused intentionally or knowingly caused a certain result, either death or serious bodily injury.

By contrast, a person commits involuntary manslaughter if he recklessly causes the death of an individual. Act of May 28, 1973, 63d Leg., R.S., ch. 426, § 1, 1973 Tex. Gen. Laws 1122, 1124 *amended by* Act of May 29, 1987, 70th Leg., R.S., ch. 307, § 1, 1987 Tex. Gen. Laws 1698, 1698 *amended by* Act of May 29, 1993, 73d Leg., R.S., ch. 900, § 1.01, 1993 Tex. Gen. Laws 3586, 3614 (current version at TEX. PENAL CODE ANN. § 19.04 (Vernon 1994)). A person acts recklessly with respect to the result of his conduct when he is aware of, but consciously disregards, a substantial and unjustifiable risk that the result will occur. *See* TEX. PENAL CODE ANN. § 6.03(c) (Vernon 1994).

In this case, for appellant to be entitled to a jury charge on involuntary manslaughter, the record must include some evidence indicating that appellant did not intend to cause either death or serious bodily injury. *See Burnett v. State,* 865 S.W.2d 223, 229 (Tex.App.—San Antonio 1993, pet. ref'd). The fact that the State, in proving murder, also proves involuntary manslaughter does not alone entitle appellant to a charge on the lesser offense. *See Tompkins,* 774 S.W.2d at 210.

To raise the lesser included offense, appellant relies on evidence that he tried to shoot at the deceased's car and that prior confrontations between the Denison group and the Sherman group involved shooting at cars. He further relies on testimony of Christopher Chapman, part of the Sherman group. Chapman testified that before the shooting, Jackson said he was going to "do" the Denison group. Chapman "thought" this meant Jackson was going to fight them. Chapman never "foresaw" anyone wanting to kill the Denison group.

Appellant acknowledges that this evidence could be interpreted to show he is guilty of murder. Nevertheless, he asserts that this same evidence could also be interpreted to show appellant did not intend to cause death or serious bodily injury and was, thus, guilty only of involuntary manslaughter. We agree with appellant that a lesser included offense may be raised when the evidence on the issue is subject to two different interpretations, and one interpretation negates or rebuts an element of the greater offense. *Schweinle v. State,* 915 S.W.2d 17, 19 (Tex.Crim.App.1996)(per curiam). The evidence appellant relies on, however, while perhaps showing appellant was guilty of involuntary manslaughter, does not show he was not guilty of murder. Specifically, the evidence does not show appellant did not intend to cause death or serious bodily injury. That appellant chased the deceased's car and attempted to shoot at the moving vehicle does not show appellant did not intend to kill the deceased or cause the deceased serious bodily injury. Further, there is nothing in the record to show that appellant was not aiming the gun at the deceased inside the

car. Nor did appellant assert he had no intent to kill or inflict serious bodily injury on the deceased. Further, evidence of fist-fights and incidents of shooting at cars in the past does not negate appellant's intent on the date of the offense. Finally, Chapman's statement indicating he was unaware of appellant's intent to kill does not show appellant did not intend to kill the deceased or cause him serious bodily injury.

We conclude there is no evidence in this record which would permit a jury to rationally conclude that appellant is guilty *only* of consciously disregarding a known substantial and unjustifiable risk that serious bodily injury or death would occur. *Smith v. State*, 881 S.W.2d 727, 735 (Tex.App.—Houston [1st Dist.] 1994, pet. ref'd). Appellant intentionally pointed his loaded gun at the deceased's car and deliberately pulled the trigger. *See Johnson v. State*, 915 S.W.2d 653, 659–660 (Tex.App.—Houston [14th Dist.] 1996, pet. ref'd). Even if appellant's gun did not discharge, as he claimed, this does not negate his intent. Therefore, appellant was not entitled to an instruction on the lesser included offense of involuntary manslaughter. We overrule appellant's third point of error.

### Sufficiency of the Evidence

In his fourth point of error, appellant contends the evidence is legally insufficient to show he intended to kill or cause the deceased serious bodily injury. In his fifth point of error, he asserts the evidence is factually insufficient to show he intended to kill or cause the deceased serious bodily injury.

### Standard of Review—Legal Sufficiency

■■■ When we review the legal sufficiency of the evidence, we must view the evidence in the light most favorable to the verdict. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2798, 61 L.Ed.2d 560 (1979); *Turner v. State*, 805 S.W.2d 423, 427 (Tex.Crim. App.), *cert. denied*, 502 U.S. 870, 112 S.Ct. 202, 116 L.Ed.2d 162 (1991). The inquiry is whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Turner*, 805 S.W.2d at 427. The jury, as trier of fact, is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Adelman v. State*, 828 S.W.2d 418, 421 (Tex.Crim.App.1992). As such, the jury may choose to believe or disbelieve all or any part of any witness's testimony. *Sharp v. State*, 707 S.W.2d 611, 614 (Tex.Crim.App. 1986), *cert. denied*, 488 U.S. 872, 109 S.Ct. 190, 102 L.Ed.2d 159 (1988); *McCray v. State*, 861 S.W.2d 405, 407 (Tex.App.—Dallas 1993, no pet.). The appellate court does not resolve any conflict of fact, weigh the evidence, or evaluate the credibility of the witnesses. *Garza v. State*, 841 S.W.2d 19, 21 (Tex.App.—Dallas 1992, no pet.).

### Standard of Review—Factual Sufficiency

■■■ When reviewing the factual sufficiency of the evidence, we view all the evidence, but not in the light most favorable to the prosecution. *See Clewis v. State*, 922 S.W.2d 126, 129 (Tex.Crim.App.1996); *Dillard v. State*, 931 S.W.2d 689, 695 (Tex. App.—Dallas 1996, pet. ref'd, untimely filed). We set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Clewis*, 922 S.W.2d at 129; *Dillard*, 931 S.W.2d at 695. In conducting this analysis, our duty is to examine the trier of fact's weighing of the evidence. *Scott v. State*, 934 S.W.2d 396, 398 (Tex.App.—Dallas 1996, no pet.). We first determine what amount and character of evidence supports the finding. *Id.* at 399. Next, we determine what amount and character of evidence is contrary to the finding. *Id.* We then weigh the evidence to determine whether the trier of fact's finding of a vital fact is justified. *Id.* In analyzing the trier of fact's finding of a vital fact, we are mindful that we do not sit as a juror. *Id.* If reasonable minds could differ about the conclusions to be drawn from the evidence, we may not reverse the verdict. *Id.* We reverse only if we conclude the verdict, though supported by some evidence, is so against the overwhelming weight of the contrary evidence as to be clearly wrong and unjust. *Id.*

### Law of Parties

■■■ An actor is criminally responsible as a party to an offense if, acting with intent

to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid another person to commit the offense. TEX. PENAL CODE ANN. § 7.01(a), 7.02 (a)(2) (Vernon 1994). A conviction under the law of parties requires a showing that, at the time of the offense, the parties were acting together, each contributing to their common purpose. We consider events occurring before, during, and after commission of the offense to determine whether an actor was a party. *Burdine v. State,* 719 S.W.2d 309, 315 (Tex.Crim.App. 1986), *cert. denied,* 480 U.S. 940, 107 S.Ct. 1590, 94 L.Ed.2d 779 (1987); *Michel v. State,* 834 S.W.2d 64, 67 (Tex.App.—Dallas 1992, no pet.). Mere presence of the accused at the scene of an offense will not support a conviction under the law of parties, but it is a circumstance which, combined with other facts, may show that the accused was a participant. *Valdez v. State,* 623 S.W.2d 317, 321 (Tex.Crim.App. [Panel Op.] 1981) (op. on reh'g); *Michel,* 834 S.W.2d at 67.

### Application

The jury was charged that it could find appellant guilty of murder if he either committed murder as a principal or assisted Jackson in committing murder. Appellant asserts the evidence is insufficient to show either he or Jackson intended to kill the deceased or cause the deceased serious bodily injury. He asserts that because he and Jackson fired shots at the car, we cannot infer he intended to cause the deceased death or serious bodily injury.

■ Because the jury was instructed on the law of parties, the question presented is whether the evidence is sufficient to establish that appellant, acting with intent to promote or assist the commission of murder, solicited, encouraged, directed, aided, or attempted to aid Jackson to commit murder. *See* TEX. PENAL CODE ANN. § 7.02 (Vernon 1994). We conclude the evidence is sufficient to show appellant was guilty as a party.

Ronald Polk, a member of the Sherman group, testified that when they went searching for the Denison group, his intent was to shoot them. According to Polk, before the shooting, Jackson said that he was going to "do" the Denison group. Appellant and Jackson got into the Nissan armed with guns. Polk was in a car following the Nissan in which appellant and Jackson were passengers. When appellant and Jackson found the Cadillac occupied by the deceased, they began chasing it. Both appellant and Jackson pointed guns at the Cadillac and pulled the trigger. The jury could infer that appellant intended to kill the deceased or cause him serious bodily injury by appellant's actions in attempting to shoot at the deceased's car. The deceased was shot and killed. Ronald Polk testified that after the offense, appellant said, "we got" the Denison group. The jury could infer from this evidence that appellant intended to promote or assist Jackson in commission of the murder and appellant encouraged, aided, or attempted to aid Jackson to commit murder. Thus, although Jackson may have fired the fatal bullet, appellant was guilty as a party. We conclude the evidence is legally sufficient to support appellant's conviction. We overrule appellant's fourth point of error.

■ We have further reviewed all of the evidence to determine whether the jury's finding that appellant was guilty of murder is so against the great weight and preponderance of the evidence as to be manifestly unjust. The only evidence appellant asserts is contrary to the jury's verdict is that he shot at the car, had engaged in less violent confrontations with the Denison group in the past, and Chapman did not know appellant intended to kill the deceased. This evidence does not negate appellant's intent, is not evidence contrary to the jury's verdict, and therefore does not render the verdict contrary to the overwhelming weight of the evidence. We overrule appellant's fifth point of error.

### Parties Charge

In his sixth point of error, appellant contends the trial court erred in instructing the jury on the law of parties because there was no evidence appellant was a party to the shooting of the deceased. We have previously determined that the evidence is sufficient to prove appellant was guilty as a party to murder. Consequently, there was evidence

to support an instruction on the law of parties. Therefore, the trial court did not err in submitting such an instruction. We overrule appellant's sixth point of error.

We reform the trial court's judgment to delete the deadly weapon finding. We affirm the trial court's judgment as reformed.