TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00693-CR






Zackary Gibson, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF JEFFERSON COUNTY, 252ND JUDICIAL DISTRICT


NO. 67009, HONORABLE LARRY GIST, JUDGE PRESIDING







A jury found appellant guilty of aggravated assault and assessed punishment at
imprisonment for ten years and a $7500 fine. See Tex. Penal Code Ann. § 22.02 (West 1994). In his sole
point of error, appellant contends the district court erred by including a deadly weapon finding in its
judgment. The State did not file a brief or otherwise respond to this complaint. We will modify the
judgment to delete the deadly weapon finding and, as modified, affirm the judgment of conviction.

The indictment accused appellant of attempting to murder the complainant by shooting her
with a firearm. See Tex. Penal Code Ann. §§ 15.01, 19.02(b)(1) (West 1994). In its guilt-innocence
charge, the district court authorized the jury to convict appellant of both the alleged offense and the lesser
included offense of aggravated assault. With respect to the latter offense, the court instructed the jury that
"[a] person commits aggravated assault if he commits assault and either causes serious bodily injury to
another or uses or exhibits a deadly weapon during the commission of assault." See Penal Code §
22.02(a)(1), (2). Applying the law of aggravated assault to the facts, the court's charge authorized
appellant's conviction if the jury found that he either caused serious bodily injury to the complainant or used
or exhibited a deadly weapon. The jury returned a verdict of guilty of aggravated assault without specifying
the theory of the offense on which it relied.

When an affirmative finding is made that a deadly weapon was used or exhibited during the
commission of a felony offense, the district court is required to so state in its judgment. Tex. Code Crim.
Proc. Ann. art. 42.12, § 3g(a)(2) (West Supp. 1998). When a jury is the trier of fact at both stages of trial,
the jury must make the affirmative finding. Barecky v. State, 639 S.W.2d 943, 945 (Tex. Crim. App.
1982). The jury can make an affirmative finding in three ways: (1) by finding the defendant guilty as
charged in the indictment if the indictment alleges the use of a deadly weapon, (2) by finding the defendant
guilty as charged in the indictment if the indictment alleges the use of a weapon that is deadly per se, or (3)
by responding affirmatively to a special issue asking if a deadly weapon was used. Polk v. State, 693
S.W.2d 391, 396 (Tex. Crim. App. 1985); see also Travelstead v. State, 693 S.W.2d 400, 402 (Tex.
Crim. App. 1985) (special issue is preferred procedure when jury is trier of fact).

In this cause, the jury did not find appellant guilty as charged in the indictment and no
special issue regarding the use of a deadly weapon was submitted at either stage of trial. Because the
court's aggravated assault charge did not require a finding that appellant used or exhibited a deadly
weapon, the jury's finding of guilt cannot be deemed an affirmative finding. See Patterson v. State, 950
S.W.2d 196, 199 (Tex. App.--Dallas 1997, pet. ref'd). Appellant's point of error is sustained.

The district court's judgment is modified to delete the affirmative finding that a deadly
weapon was used in the commission of the offense. As modified, the judgment is affirmed.



 

 Marilyn Aboussie, Justice

Before Chief Justice Yeakel, Justices Aboussie and Jones

Modified and, as Modified, Affirmed

Filed: August 31, 1998

Do Not Publish



E>



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00693-CR






Zackary Gibson, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF JEFFERSON COUNTY, 252ND JUDICIAL DISTRICT


NO. 67009, HONORABLE LARRY GIST, JUDGE PRESIDING







A jury found appellant guilty of aggravated assault and assessed punishment at
imprisonment for ten years and a $7500 fine. See Tex. Penal Code Ann. § 22.02 (West 1994). In his sole
point of error, appellant contends the district court erred by including a deadly weapon finding in its
judgment. The State did not file a brief or otherwise respond to this complaint. We will modify the
judgment to delete the deadly weapon finding and, as modified, affirm the judgment of conviction.

The indictment accused appellant of attempting to murder the complainant by shooting her
with a firearm. See Tex. Penal Code Ann. §§ 15.01, 19.02(b)(1) (West 1994). In its guilt-innocence
charge, the district court authorized the jury to convict appellant of both the alleged offense and the lesser
included offense of aggravated assault. With respect to the latter offense, the court instructed the jury that
"[a] person commits aggravated assault if he commits assault and either causes serious bodily injury to
another or uses or exhibits a deadly weapon during the commission of assault." See Penal Code §
22.02(a)(1), (2). Applying the law of aggravated assault to the facts, the court's charge authorized
appellant's conviction if the jury found that he either caused serious bodily injury to the complainant or used
or exhibited a deadly weapon. The jury returned a verdict of guilty of aggravated assault without specifying
the theory of the offense on which it relied.

When an affirmative finding is made that a deadly weapon was used or exhibited during the
commission of a felony offense, the district court is required to so state in its judgment. Tex. Code Crim.
Proc. Ann. art. 42.12, § 3g(a)(2) (West Supp. 1998). When a jury is the trier of fact at both stages of trial,
the jury must make the affirmative finding. Barecky v. State, 639 S.W.2d 943, 945 (Tex. Crim. App.
1982). The jury can make an affirmative finding in three ways: (1) by finding the defendant guilty as
charged in the indictment if the indictment alleges the use of a deadly weapon, (2) by finding the defendant
guilty as charged in the indictment if the indictment alleges the use of a weapon that is deadly per se, or (3)
by responding affirmatively to a special issue asking if a deadly weapon was used. Polk v. State, 693
S.W.2d 391, 396 (Tex. Crim. App. 1985); see also Travelstead v. State, 693 S.W.2d 400, 402 (Tex.
Crim. App. 1985) (special issue is preferred procedure when jury is trier of fact).

In this cause, the jury did not find appellant guilty as charged in the indictment and no
special issue regarding the use of a deadly weapon was submitted at either stage of trial. Because the
court's aggravated assault charge did not require a finding that appellant used or exhibited a deadly
weapon, the jury's finding of guilt cannot be deemed an affirmative finding. See Patterson v. State, 950
S.W.2d 196, 199 (Tex. App.--Dallas 1997, pet. ref'd). Appellant's point of error is sustained.

The district court's judgment is modified to delete the affirmative finding that a deadly
weapon was used in the commission of the offense. As modified, the judgment is affirmed.



 

 Marilyn Aboussie, Justice

Before Chief Justice Yeakel, Justices Aboussie and Jones

Modified and, as Modified, Affirmed