AFFIRMED; Opinion Filed October 31, 2012.



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-11-01444-CR
No. 05-11-01445-CR

## MARIO TERRELL MARTIN, Appellant

### V.

## THE STATE OF TEXAS, Appellee

On Appeal from the 382nd Judicial District Court
Rockwall County, Texas
Trial Court Cause Nos. 2-10-405 and 2-10-406

# OPINION

Before Justices Bridges, Richter, and Lang
Opinion By Justice Lang

Mario Terrell Martin appeals the trial court's judgments convicting him of burglary of a building. In both cases, the jury found Martin guilty. Martin pleaded true to the enhancements, and the jury found the enhancements true and assessed his punishment at ten years of imprisonment. In his sole issue on appeal, Martin argues the evidence is legally insufficient to support his convictions. We conclude the evidence is sufficient. The trial court's judgments are affirmed.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Martin left his girlfriend's home with Quintaveus Williams, Lakendrie Minter, and Rashad Harris. They drove to Royse City where Williams had burglarized a building the previous night.

After driving to the Charles Grocery, they drove around the block to check the area. They parked the vehicle behind the store and all four men left the car, stationing themselves in different locations. Because they saw a police car, they went back to the car and drove away, returning when they were satisfied the police were gone. Martin told the others that he did not feel comfortable participating any longer, but agreed to "watch out." Williams and Minter broke a window and entered the grocery store while Martin and Harris "watched out." After the alarm went off, Williams and Minter left the grocery store carrying cigars and other tobacco products.

Later that night while continuing to drive around, they saw a sign for Rockwall Pawn. At the pawnshop, Williams and Minter got out of the car to look for rocks, Williams threw a rock through the front window of the pawnshop, and returned to the car. The four drove to the back of the pawnshop. All four men left the car and positioned themselves to "watch out." Then, Martin, Williams, and Minter approached the broken window. Williams climbed through the window into the pawnshop. About that time, the police arrived causing Martin and Minter to flee into a nearby wooded are where Martin was apprehended by the police.

## II. SUFFICIENCY OF THE EVIDENCE

In his sole issue on appeal, Martin argues the evidence is legally insufficient to support his convictions. He claims that his action as a "lookout" does not place him within the statutory definition of a party to the burglaries. The State responds the evidence included the fact that Martin was present at both burglaries, he admitted acting as a "lookout," he wore a ski mask to conceal his identity, and he ran from the police while at the burglary of Rockwall Pawn. According to the State, this evidence is sufficient to show Martin attempted to aid in the commission of the burglaries and is criminally responsible for the burglaries committed by Williams, Minter, and Harris.

## A. Standard of Review

When reviewing the sufficiency of the evidence, an appellate court considers all of the evidence in the light most favorable to the verdict to determine whether the jury was rationally justified in finding guilt beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979); *Merritt v. State*, 368 S.W.3d 516, 525 (Tex. Crim. App. 2012); *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010) (plurality op.). Appellate courts are required to determine whether any rational juror could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson*, 443 U.S. at 319; *Brooks*, 323 S.W.3d at 902 n.19. An appellate court is required to defer to the jury's credibility and weight determinations because the jury is the sole judge of the witnesses' credibility and the weight to be given to their testimony. *See Jackson*, 443 U.S. at 319, 326; *Merritt*, 368 S.W.3d at 525; *Brooks*, 323 S.W.3d at 899. All evidence, whether properly or improperly admitted, will be considered when reviewing the sufficiency of the evidence. *See McDaniel v. Brown*, 558 U.S. 120, 130 S.Ct. 665, 672 (2010) (per curiam); *Lockhart v. Nelson*, 488 U.S. 33, 41–42 (1988); *Jackson*, 443 U.S. at 319.

## B. Applicable Law

A person commits the offense of burglary if, without the effective consent of the owner, he enters a building not then open to the public, with the intent to commit theft. *See* TEX. PENAL CODE ANN. § 30.02(a)(1) (West 2011). Under the law of parties, a person may be convicted as a party to the offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or both. TEX. PENAL CODE ANN. § 7.01(a) (West 2011). A person is criminally responsible for an offense "committed by the conduct of another" if, acting with the intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense. TEX. PENAL CODE ANN. § 7.02(a)(2) (West 2011).

To determine if a person acted as a party to an offense, the trier of fact may look to events occurring before, during, and after the offense. *Salinas v. State*, 163 S.W.3d 734, 739–40 (Tex. Crim. App. 2005). However, there must be evidence of a common purpose or design prior to, or contemporaneous with the criminal event. *Urtado v. State*, 605 S.W.2d 907, 911 (Tex. Crim. App. [Panel Op.] 1980). In a burglary, the criminal event is complete once unlawful entry is made, regardless of whether or not the intended theft is actually completed. *Richardson v. State*, 888 S.W.2d 822, 823 (Tex. Crim. App. 1994). An individual may be guilty of burglary even though he does not personally enter the burglarized premises if he is acting together with another in the commission of the offense. *See Powell v. State*, 194 S.W.3d 503, 506–07 (Tex. Crim. App. 2006).

Participation in the offense may be inferred from circumstantial evidence and need not be shown by direct evidence. *Beardsley v. State*, 738 S.W.2d 681, 684 (Tex. Crim. App. 1987). Mere presence of the defendant at the scene of an offense will not support a conviction under the law of parties, but it is a circumstance which, combined with other facts, may show that the accused was a participant. *Patterson v. State*, 950 S.W.2d 196, 202 (Tex. App.—Dallas 1997, pet. ref'd). Even if a defendant was only a "lookout," he may still be guilty of the offense of burglary because all participants in a burglary are criminally responsible under the law of parties. *See Rollerson v. State*, 227 S.W.3d 718, 726 (Tex. Crim. App. 2007); *see also Johnson v. State*, 6 S.W.3d 709, 711 (Tex. App.—Houston [1st Dist.] 1999, pet. ref'd) (reconnaissance); *Cumpian v. State*, 812 S.W.2d 88, 90 (Tex. App.—San Antonio 1991, no pet.) (lookout). Also, a fact-finder may draw an inference of guilt from the circumstance of flight. *See Clayton v. State*, 235 S.W.3d 772, 780 (Tex. Crim. App. 2007).

If the jury charge provides that the jury may find the defendant guilty as either a principal or a party to the offense, the evidence is sufficient if it supports either theory. *See Sorto v. State*, 173

S.W.3d 469, 472 (Tex. Crim. App. 2005).

### C. Application of the Law to the Facts

The trial court's jury charge instructed the jury to find Martin guilty if they found beyond a reasonable doubt that Martin "acting alone or as a party . . . with intent to commit theft, enter[ed] a building or a portion of a building not then open to the public, without effective consent of . . . the owner." On appeal, Martin addresses the sufficiency of the evidence only to show that he was a party to the offense of burglary. He does not challenge the other basis for the jury's verdicts. Nevertheless, there is sufficient evidence to support that Martin was a party to the offense of burglary.

Martin's written statement was admitted into evidence. With regard to the burglary of the store, Martin stated, "[Williams] and [Minter] told us to wake up cause 'its time to do the sting,'" "We came up to a little corner store and I along with [Harris], [Williams], and [Minter] made a block around to check the area," "We then jumped out of the car and went in different locations. [Williams] and [Minter] went to the back of the store to bust a smaller window while I walked around the []yard[1] next to the store, and [Harris] walked to some near by [sic] trees to hide himself from on coming [sic] cars," "From the moment I saw the police station, I didn't feel comfortable with participating anymore," and "I agreed to continue watching out. Once that was understood, we rolled around again." Martin also stated, "[Williams] and [Minter] entered the store while me and [Harris] watched out." With regard to the burglary of the pawnshop, Martin stated that after Williams threw the rock through the window, "We all got out [sic] the car to position oneself [sic] to watch out and me, [Williams], and [Minter] walked up to the already broke window . . . once

---

[1] Martin's statement is handwritten. The first part of this word is illegible.

[Williams] got in, a police [sic] shortly pulled up and me and [Minter] fled towards the fields and golf course while [Williams] was still in there."

Reviewing all of the evidence in the light most favorable to the jury's verdict, we conclude a rational jury could have found that Martin was a party to the burglary offenses. Issue one is decided against Martin.

## III. CONCLUSION

The evidence is sufficient to support Martin's convictions for burglary.

The trial court's judgment is affirmed.


DOUGLAS S. LANG
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
111444F.U05



# Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

MARIO TERRELL MARTIN, Appellant

No. 05-11-01444-CR      V.

THE STATE OF TEXAS, Appellee

Appeal from the 382nd Judicial District
Court of Rockwall County, Texas.
(Tr.Ct.No. 2-10-405).
Opinion delivered by Justice Lang, Justices
Bridges and Richter participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered October 31, 2012.

DOUGLAS S. LANG
JUSTICE



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

MARIO TERRELL MARTIN, Appellant

No. 05-11-01445-CR      V.

THE STATE OF TEXAS, Appellee

Appeal from the 382nd Judicial District
Court of Rockwall County, Texas.
(Tr.Ct.No. 2-10-406).
Opinion delivered by Justice Lang, Justices
Bridges and Richter participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered October 31, 2012.

DOUGLAS S. LANG
JUSTICE