

# IN THE
# TENTH COURT OF APPEALS

### No. 10-11-00035-CR

**BRANDON CORNELIUS HARRIS,**

         **Appellant**

 **v.**

**THE STATE OF TEXAS,**

         **Appellee**


### From the 85th District Court
### Brazos County, Texas
### Trial Court No. 08-03647-CRF-85


## MEMORANDUM  OPINION ON REMAND


We originally affirmed the trial court's judgment after overruling Appellant Brandon Harris's two issues, which were that the trial court committed reversible error when it failed to charge the jury on (1) aggravated assault and (2) manslaughter as lesser-included offenses. *Harris v. State,* No. 10-11-00035-CR, 2012 WL 2445030 (Tex. App.—Waco June 27, 2012) (mem. op., not designated for publication), *vacated by State v. Harris,* No. PD-1472-12, 2012 WL 6629600 (Tex. Crim. App. Dec. 19, 2012) (not

designated for publication).[1]

Specifically, we held on Harris's second issue that manslaughter is not a lesser-included offense of section 19.02(b)(2) murder in the first step of the lesser-included two-step analysis. *Id.,* 2012 WL 2445030, at *3. In so holding, we primarily relied on *Cavazos v. State,* 329 S.W.3d 838, 845-46 (Tex. App.—El Paso 2010), *aff'd,* 382 S.W.3d 377 (Tex. Crim. App. 2012). In *Cavazos*, the El Paso court had held that manslaughter is not a lesser-included offense of section 19.02(b)(2) murder but went on to also find that there was no evidence that if the defendant was guilty, he was only guilty of manslaughter. *Id.* at 844-46. On discretionary review, the Court of Criminal Appeals disagreed with the El Paso court's determination that manslaughter cannot be a lesser-included offense of section 19.02(b)(2) murder but agreed that the evidence did not rise to a level that could permit a rational jury to find that, if the defendant was guilty, he was guilty only of the lesser-included offense of manslaughter. 382 S.W.3d at 380, 384-86.

Based on its decision in *Cavazos*, the Court of Criminal Appeals granted Harris's petition for discretionary review with respect to our original decision on Harris's second issue, vacated our judgment, and remanded this case to us in light of its opinion in *Cavazos*. *Harris,* 2012 WL 6629600, at *1.[2] Accordingly, in light of *Cavazos*, we will re-address Harris's second issue.

---

[1] The case's background and the evidence at trial are set out in our original opinion.

[2] Harris also sought discretionary review of our decision on his first issue, where we held that the lesser-included offense of aggravated assault was not raised by the evidence, but the Court of Criminal Appeals refused that ground. *Harris,* 2012 WL 6629600, at *1. Accordingly, we will not revisit his first issue.

Manslaughter is recklessly causing the death of an individual, Tᴇx. Pᴇɴᴀʟ Cᴏᴅᴇ Aɴɴ. § 19.04(a) (West 2011), and a person acts recklessly if he is aware of but consciously disregards a substantial and unjustifiable risk that the result will occur. *Id.* § 6.03(c). The indictment's charge of section 19.02(b)(2) murder required proof that Harris (1) intended to cause serious bodily injury and (2) committed an act clearly dangerous to human life (3) by stabbing Lewis with a knife. *See* Tᴇx. Pᴇɴᴀʟ Cᴏᴅᴇ Aɴɴ. § 19.02(b)(2).

*Harris,* 2012 WL 2445030, at *3. The indictment charged Harris with section 19.02(b)(2) murder, alleging that Harris did:

then and there, with intent to cause serious bodily injury to an individual, namely, Obije Lewis, commit an act clearly dangerous to human life that caused the death of said Obije Lewis, by stabbing him with a knife;

In *Cavazos,* the Court of Criminal Appeals' analysis began with a comparison of the indictment's charge of section 19.02(b)(2) murder with the elements of manslaughter:

Applying the cognate-pleadings approach, we must determine whether the indictment charging Appellant with murder under Section 19.02([b])(2) alleges all the elements of manslaughter, or elements and facts from which all the elements of manslaughter may be deduced.

The statutory elements of murder under Section 19.02(b)(2), as listed in the indictment, are

(1) Abraham Cavazos [Appellant]

(2) with intent to cause serious bodily injury to an individual, Rogelio Terrazas

(3) committed an act clearly dangerous to human life; shooting Rogelio Terrazas with a firearm

(4) caused the death of Rogelio Terrazas

We compare these allegations with the elements of manslaughter, which are

(1) A person [Appellant]

(2) recklessly

(3) caused the death of an individual [Rogelio Terrazas]

*Cavazos,* 382 S.W.3d at 382.

The Court of Criminal Appeals concluded that "causing death while consciously disregarding a risk that death will occur differs from intending to cause serious bodily injury with a resulting death only in the respect that a less culpable mental state establishes its commission." *Id.* at 384 (citing TEX. CODE CRIM. PROC. ANN. art. 37.09(3)). Based on this conclusion and its reasoning, we conclude that, given the indictment's allegations of section 19.02(b)(2) murder against Harris, manslaughter is a lesser-included offense under the first step of the lesser-included analysis.

We thus turn to the second step, which the Court of Criminal Appeals discussed in *Cavazos* in the context of section 19.02(b)(2) murder and manslaughter:

> Next we must examine all the evidence to determine if a lesser-included-offense instruction on manslaughter was warranted in this case. A defendant is entitled to an instruction on every issue raised by the evidence. *Bell,* 693 S.W.2d at 442. "Thus, regardless of the strength or weakness of the evidence, if any evidence raises the issue that the defendant was guilty only of the lesser offense, then the charge must be given." *Saunders v. State,* 840 S.W.2d 390, 391 (Tex. Crim. App. 1992). We also explained in *Saunders* that there are two ways that evidence may indicate that a defendant is guilty of only the lesser offense. First, evidence may have been raised that refutes or negates other evidence establishing the greater offense. Second, the evidence presented regarding the defendant's awareness of the risk may be subject to two different interpretations, in which case the jury should be instructed on both inferences.
>
> Under the second prong of the *Aguilar/Rousseau* test, we must consider whether there was some evidence raised at trial from which a

rational jury could acquit Appellant of the greater offense of murder and convict him of the lesser-included offense of manslaughter. There must be some affirmative evidence that Appellant did not intend to cause serious bodily injury when he shot the victim, and [there] must be some affirmative evidence from which a rational juror could infer that Appellant was aware of but consciously disregarded a substantial and unjustifiable risk that death would occur as a result of his conduct. At this point in the analysis, anything more than a scintilla of evidence may be sufficient to entitle a defendant to a charge on a lesser offense. *Hall,* 225 S.W.3d at 536. However, the evidence produced must be sufficient to establish the lesser-included offense as a "valid, rational alternative" to the charged offense. *Id.* (citing *Forest v. State,* 989 S.W.2d 365, 367 (Tex. Crim. App. 1999)). If the evidence raised at trial casts doubt on the greater offense, a lesser-included offense instruction allows the jury to vote for a rational alternative. *Forest,* 989 S.W.2d at 367. While it is true that the evidence may be weak or contradicted, the evidence must still be directly germane to the lesser-included offense and must rise to a level that a rational jury could find that if Appellant is guilty, he is guilty only of the lesser-included offense. Meeting this threshold requires more than mere speculation—it requires affirmative evidence that both raises the lesser-included offense and rebuts or negates an element of the greater offense.

*Id.* at 384-85.

In his second issue on manslaughter, Harris relies on this evidence:

Harris testified that he did not intend to kill Lewis; he did not intend to hurt him "real bad;" his intent was to just cut him a little bit; he was trying to stab him somewhere in the arm; and he did not intend to stab him as deeply as he did. …

*Harris,* 2012 WL 2445030, at *4.

On the other hand:

The State points out other parts of Harris's testimony to show that Harris's statements that he did not intend to kill Lewis or hurt him badly do not refute his intention to cause serious bodily injury and his commission of an act clearly dangerous to human life. [Harris] admitted that he knew how dangerous a knife is, that a knife could cause serious bodily injury, that he could be hurt badly if he were stabbed in the back with an eight-inch knife, that he knew the knife could kill Lewis, and that

he knew that cutting someone with an eight-inch knife "would hurt somebody real bad."

*Id.*

Harris argues that his testimony shows that he had no intent to kill or to cause serious bodily injury, but that he was aware of the risk that a knife could be dangerous and could cause serious bodily injury, and that he acted recklessly by wanting to stab Lewis in the arm and cut him.

Paraphrasing *Cavazos*, we must consider whether there was some evidence raised at trial from which a rational jury could acquit Harris of the greater offense of section 19.02(b)(2) murder and convict him of the lesser-included offense of manslaughter. *See Cavazos*, 382 S.W.3d at 385. There must be some affirmative evidence that Appellant did not intend to cause serious bodily injury when he stabbed Lewis, and there must be some affirmative evidence from which a rational juror could infer that Harris was aware of but consciously disregarded a substantial and unjustifiable risk that death would occur as a result of his conduct. *See id.*

We begin with the first way that evidence may indicate that a defendant is guilty of only the lesser offense: Was evidence raised that refutes or negates other evidence establishing the greater offense? *See id.* Harris's testimony that he did not intend to kill Lewis is not determinative because intent to kill is not an element of section 19.02(b)(2) murder. Next, Harris's testimony that he did not intend to hurt Lewis badly or to stab him so deeply in the back and that he intended "just to cut him a little bit" on the arm does not refute his intention to cause serious bodily injury. Intent to hurt a person

"with a knife is intent to cause serious bodily injury." *Martinez v. State,* 16 S.W.3d 845, 848 (Tex. App.—Houston [1st Dist.] 2000, pet. ref'd); *see Barrios v. State,* 389 S.W.3d 382, 400 (Tex. App.—Texarkana 2012, pet. ref'd) (defendant's testimony that he intended to shoot victim in the hand established that he intended to cause serious bodily injury, established that he was guilty of section 19.02(b)(2) murder, and precluded entitlement to lesser-included instruction on aggravated assault) (citing *Forest v. State,* 989 S.W.2d 365, 368 (Tex. Crim. App. 1999)). In short, Harris's testimony is not affirmative evidence that he did not intend to cause serious bodily injury, nor does it negate his intent to cause serious bodily injury. *See Cavazos,* 382 S.W.3d at 385.

The second way that evidence may indicate that a defendant is guilty of only the lesser offense is whether the evidence presented regarding the defendant's awareness of the risk may be subject to two different interpretations, in which case the jury should be instructed on both inferences. *See id.* We agree with the State that Harris admitted to a higher level of culpability than reckless conduct in causing serious bodily injury. *See* TEX. PENAL CODE ANN. § 6.03(b) (West 2011) ("A person acts knowingly, or with knowledge, with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result.").

> [Harris] admitted that he knew how dangerous a knife is, that a knife could cause serious bodily injury, that he could be hurt badly if he were stabbed in the back with an eight-inch knife, that he knew the knife could kill Lewis, and that he knew that cutting someone with an eight-inch knife "would hurt somebody real bad."

*Harris,* 2012 WL 2445030, at *4. He also knew that a knife could cut through muscle and bone.

In conclusion, Harris's admission to knowingly causing serious bodily injury by stabbing Lewis would not permit a rational jury to conclude that Harris is guilty of only reckless conduct. *See Patterson v. State,* 950 S.W.2d 196, 200-01 (Tex. App.—Dallas 1997, pet. ref'd).

We also agree with the State's assertion that the evidence is not sufficient to establish manslaughter as a valid, rational alternative to section 19.02(b)(2) murder. We recount our original summary of Harris's trial testimony:

> Harris testified that, on the night of the offense, when he first saw Lewis at the apartment complex, he walked to a payphone to call the police to arrest Lewis for taking his stereo (Harris had pressed charges against Lewis for burglary of his vehicle). Harris could not get through to the assigned detective, so he then called 9-1-1 but was told no one would be sent to arrest Lewis. He called the police department again and was also told by them that no one would be sent. Harris then returned to his apartment and got a knife [an eight-inch kitchen knife] to protect himself. He came out of his apartment with the knife and saw Lewis and another man (Lewis's cousin) standing at the bottom of the stairs.

> As Harris came down the stairs, Lewis and his cousin began to walk off and Harris followed them. When Lewis and his cousin started running, he chased them and caught up to Lewis after Lewis could not get in the apartment and had run into the air conditioning unit. While Harris was still running, he stabbed Lewis one time. Harris testified that he did not intend to kill Lewis or hurt him "real bad;" that he did not intend to stab that deep; that he was trying to stab Lewis somewhere in the arm; and that he intended "just to cut him a little bit" so that Lewis would leave him alone.[3] …

> The medical examiner testified that the stab wound was consistent with a straightforward motion, rather than an over-the-head motion, and that the wound was seven inches deep. The knife cut through the muscle of Lewis's upper back, fractured two ribs, passed through his left lung, and penetrated the left side of his heart. That type of wound would have

---

[3] Harris fled the scene and left Bryan, going to his parents' home in Midway. After learning the next day that Lewis had died, he returned and turned himself in.

required a considerable amount of force, but the knife had not been buried to the hilt. Even without penetrating the heart, the injury would have been life-threatening but possibly survivable with medical attention.

*Harris,* 2012 WL 2445030, at *2-3.

To paraphrase the Court of Criminal Appeals in *Cavazos*, Harris's getting an eight-inch kitchen knife, leaving his apartment to chase after a fleeing Lewis, and stabbing Lewis in the upper back seven inches deep, fleeing the scene and the city, and then testifying that he intended "just to cut him a little bit" does not rationally support an inference that Harris acted recklessly at the moment he stabbed Lewis. *See Cavazos,* 382 S.W.3d at 382 (" Pulling out a gun, pointing it at someone, pulling the trigger twice, fleeing the scene (and the country), and later telling a friend "I didn't mean to shoot anyone" does not rationally support an inference that Appellant acted recklessly at the moment he fired the shots.").

The trial court did not err in refusing to charge the jury on the lesser-included offense of manslaughter, and we overrule issue two. And having previously overruled Harris's first issue in our original opinion, we affirm the trial court's judgment.

REX D. DAVIS
Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Affirmed
Opinion delivered and filed April 10, 2014
Do not publish
[CRPM]